Contracts; interpretation; reasonableness of interpretation; necessity to seeh clarification. — Plaintiff seeks additional compensation under a fixed-price contract for performance of various custodial services at Luke Air Force Base, Arizona, following denial of its claim by the Armed Services Board of Contract Appeals. The contract provided, inter alia, for both “regular custodial service” and “extended custodial service,” and plaintiff contends here, as it did 'before the Board, that as applied to floor care for a given area the terms are mutually exclusive under the contract so that any floor area within its coverage is to receive either regular service or extended service but not both. In a recommended decision filed February 22,1974 (reported in full at 19 CCF para. 82,874), Trial Judge George Willi concluded that plaintiff’s understanding was so patently lacking in reasonableness, in the context of the contract as a whole, that plaintiff cannot be excused from having failed to seek clarification prior to bid submission. On January 17, 1975 the court issued the following order:
Before davis, Judge, Presiding, kashiwa and kunzig, Judges.
“This case comes before the court on plaintiff’s request, filed March 28,1974, for review by the court of the recommended decision filed by Trial Judge George Willi on February 22,1974, pursuant to Buie 166(c) on plaintiff’s motion and defendant’s cross-motion for summary judgment, having been submitted on the briefs and oral argument of counsel. On the basis of Trial Judge Willi’s discussion in 'his opinion, the court is of the view that the Government’s construction of the contract is correct and that, at the best for plaintiff, the contract had a glaring ambiguity calling upon plaintiff to make an inquiry before bidding and before following its own unilateral interpretation (even if that interpretation, standing by itself, might be considered reasonable). See Space Corp. v. United States, 200 Ct. Cl. 1, 470 F. 2d 536 (1972).
*834 “it is therefore ordered that plaintiff’s motion for summary judgment is denied, defendant’s motion for summary judgment is granted and plaintiff’s petition is 'dismissed.” Plaintiff’s petition for certiorari was denied June 9, 1975.